### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ALASKA

In re:

MIKE K. SHIRA and
LYNDA L. SHIRA,

                Debtors.

Case No. F11-00193-DMD
Chapter 13

**Filed On 9/12/11**

## MEMORANDUM ON DEBTORS' OBJECTION TO
## IRS's CLAIM NO. 7

       The debtors have objected to Claims Nos. 7-1 and 7-2 filed by the Internal Revenue Service ("IRS"). A hearing on their objection was held on July 12, 2011. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The court has jurisdiction under 28 U.S.C. § 1334(b) and the district court's order of reference. I find for the IRS.

       Mike Shira filed an individual chapter 13 petition on December 31, 2008.[1] During the pendency of this earlier chapter 13 proceeding, the IRS assessed $8,077.70 in taxes and $1,843.59 in interest against his wife, Lynda, on March 15, 2010. This liability covered the tax period ending December 31, 2006. The IRS could not assess the 2006 tax liability against Mike while his chapter 13 case was pending.[2]

---

[1] Petition, filed Dec. 31, 2008 (Docket No. 1), filed in *In re Shira*, Main Case No. F08-00876-DMD.

[2] 11 U.S.C. § 362(a)(6).

Mike defaulted on his plan payments and his chapter 13 case was dismissed on April 8, 2010.[3] The IRS assessed the 2006 tax liability against Mike on October 4, 2010. Mike and Lynda subsequently initiated the instant, joint chapter 13 proceeding on March 16, 2011.[4] The IRS was scheduled as a priority creditor for $21,727.91.[5] The debtors' Schedule E reflected that this priority claim was for 2005 - 2007 income taxes.[6]

The IRS filed Claim No. 7-1 on April 28, 2011. The total claim was for $44,716.30. The claim was bifurcated into a secured claim for $17,039.58, a priority claim of $12,296.31, and a general unsecured claim of $15,380.41. Both the priority and general unsecured portions of the claim included the 2006 tax liability of $8,077.70 and the related interest. This liability was listed a priority claim against Mike and a general unsecured claim against Lynda. The priority portion of the claim also listed the debtors' 2007 tax liability of $1,038.00 twice, once for Mike and again for Lynda.

The debtors filed an objection to Claim 7-1 on June 15, 2011.[7] Their objection stated:

> The total amount claimed is more than the actual total due because it double counts amounts for which the debtors are jointly liable (e.g.

---

[3] Order Dismissing Ch. 13 Petition, entered Apr. 8, 2010 (Docket No. 37), filed in *In re Shira*, Main Case No. F08-00876-DMD.

[4] Petition, filed Mar. 16, 2011 (Docket No. 1).

[5] *Id.* at 17 (Sched. E).

[6] *Id.*

[7] Notice of Obj. to Claim No. 7-1 and Notice of Hr'g Thereon, filed Jun. 15, 2011 (Docket No. 27).

2

> unsecured amounts listed for tax year 2006 are actually included in the secured claims amount, and tax year 2007 unsecured amounts are separately listed for both the debtor and the joint debtor), thus misconstruing the total to be paid through the claim.[8]

The debtors asked that the claim be allowed as a secured claim for $17,039.58 and an unsecured priority claim for $1,187.51.

After the debtors filed their claim objection, but before the hearing thereon, the IRS filed an amended proof of claim, No. 7-2, on June 24, 2011. The secured amount of the claim remain unchanged. The amended claim resolved the "double counting" objection raised by the debtors, however. The unsecured priority portion of the claim was decreased to $11,108.80, reflecting 2006 and 2007 income tax liability for Mike, assessed in 2010 and 2008, respectively. Lynda's 2007 income tax liability, which matched Mike's, was not listed in the amended claim. Lynda's 2006 general unsecured tax liability was also removed from the amended claim. The 2006 tax liability remained in the priority portion of the claim, however, based upon the later tax assessment against Mike.

The changes to the priority and general unsecured portions of the IRS's claim are summarized as follows:

---

[8] *Id.*

3

| Unsecured Priority Claims: | | | | | | |
|---|---|---|---|---|---|---|
| **Taxpayer** | **Tax Period** | **Date Assessed** | **Claim 7-1** Tax | **Interest** | **Claim 7-2** Tax | **Interest** |
| Mike | 12/31/06 | 10/04/10 | $8,077.70 | $1,843.59 | $8,077.70 | $1,843.59 |
| Mike | 12/31/07 | 05/26/08 | $1,038.00 | $149.51 | $1,038.00 | $149.51 |
| Lynda | 12/31/07 | 05/26/08 | $1,038.00 | $149.51 | 0.00 | 0.00 |
| | | **Total Priority Claim:** | | **$12,296.31** | | **$11,108.80** |
| Unsecured General Claims: | | | | | | |
| Mike | 12/31/05 | 02/19/07 | 0.00 | $442.70 | 0.00 | $442.70 |
| Lynda | 12/31/05 | 02/19/07 | 0.00 | $440.81 | 0.00 | 0.00 |
| Lynda | 12/31/06 | 03/15/10 | $8,077.70 | $1,843.59 | 0.00 | 0.00 |
| Penalty on unsecured priority claims | | | | $3,889.01 | | $3,649.88 |
| Penalty on unsecured general claims | | | | $686.60 | | 0.00 |
| **Total unsecured general claim:** | | | | **$15,380.41** | | **$4,092.58** |

The hearing on the claim objection was held on July 12, 2011. At the hearing, debtors' counsel indicated that they agreed with everything on the amended claim with one exception. Specifically, they objected to the calculation and treatment of the 2006 tax liability. Their objection has two prongs. First, they ask why the amount of interest on that tax liability is identical, when it was assessed against Lynda in March of 2010 and against Mike in October, 2010. They suggest that the interest should be for a lesser sum as to Mike, given the later date of the tax assessment. The IRS responds that interest is calculated, under 26 U.S.C. § 6601(a), from the last date prescribed for payment of the tax, rather than from the date of assessment. The debtors' challenge to the amount of interest is meritless and will be overruled.

4

The second prong of the debtors' objection is that the 2006 taxes cannot be considered a priority claim because they were assessed against Lynda more than 240 days prior to the date the instant petition was filed.[9] They urge that the earlier assessment date against Lynda should control in this case. If the debtors' position were adopted, their priority tax liability would drop to $1,187.51. They concede that they cannot find any case law on point, but argue that the court should adopt a "common sense approach and a sense of fairness and public policy concern,"[10] to make this determination.

I respectfully decline the debtors' invitation to arbitrarily rewrite the Bankruptcy Code in their favor. There is no precedent for their hapless arguments. The debtors argue that it is fundamentally unfair for the IRS to use the October 4, 2010 assessment date for the 2006 taxes, when Mike's first bankruptcy case was dismissed more than 155 days earlier. From their perspective, the IRS could "unreasonably delay the time for assessing additional tax on a former debtor, even though the same tax had previously been assessed earlier against a non-bankrupt spouse,"[11] simply to elevate the tax to priority status. They say the time for calculating the 240 day period found in 11 U.S.C. § 507(a)(8)(A)(ii) should be changed or, alternatively, that the IRS should pro-rate the

---

[9] Priority claims include taxes "assessed within 240 days before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(ii).

[10] Debtor's Supplemental Mem. in Supp. of Obj. to Claim No. 7-1 (Taxes), filed Aug. 2, 2011 (Docket No. 36), at 2.

[11] *Id.*

5

disputed 2006 tax liability based upon the percentage of each debtor's income, so that at least half of the 2006 taxes should be a general unsecured claim attributable to Lynda.

The debtors' argument about the "unreasonable delay" of the IRS's tax assessment is without merit. As the IRS has noted in its response, given the timing of Mike's first chapter 13 petition and the effect of the automatic stay, it could not have assessed the 2006 tax liability against Mike until at least 150 days after the first chapter 13 petition was dismissed.[12] As for the debtors' contention that the IRS could deliberately delay an assessment so that it would hold a priority claim, I agree with the IRS that this argument "credits the IRS with a prescience it simply lacks."[13] Finally, as the IRS points out, both debtors are liable for taxes which arise as the result of a joint return.

Claim 7-2 constitutes prima facie evidence of the validity and amount of the IRS's claim.[14] The debtors had the burden of going forward and introducing evidence sufficient to rebut the presumption of validity.[15] They have failed to meet this burden. Further, their arguments based upon common sense, fairness and public policy run contra to existing tax and bankruptcy law. These arguments should instead be addressed to Congress.

The debtors' objection to the IRS's claim will be overruled. An order will be entered consistent with this memorandum.

---

[12] IRS's Reply to Supplemental Obj., filed Aug. 11, 2011 (Docket No. 37), at 2.

[13] *Id.* at 3.

[14] Fed. R. Bankr. P. 3001(f).

[15] 9 COLLIER ON BANKRUPCY ¶ 3001.09[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

DATED: September 12, 2011.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: J. Crawford, Esq.
R. Pomeroy, Esq.
R. Ullstrom, Esq.
L. Compton, Trustee
U. S. Trustee

09/12/11